# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>RFC And RESCAP Liquidating Trust Litigation | 13-cv-3451 (SRN/JJK/HB) |

OBJECTIONS AND RESPONSES OF PAULSON & CO. INC
TO SUBPOENA OF PNC BANK, N.A.

Paulson & Co. Inc. ("Paulson"), non-party to the actions consolidated for pre-trial purposes under the above caption, by and through its undersigned counsel, hereby submits its objections and responses (the "Objection") to the purported subpoena (the "Subpoena") dated February 5, 2015, issued by counsel to PNC Bank, N.A. ("PNC"), defendant in the individual action captioned *Residential Funding Company, LCC, and RESCAP Liquidating Trust v. PNC Bank, N.A.*, Case no. 13-cv-3498 (JRT/JSM) (the "PNC Action"), under authority of the United States District Court for the District of Minnesota (the "Court"), directed to Paulson and requesting production of documents. In support of this Objection, Paulson represents as follows:

PRELIMINARY STATEMENT

Paulson objects to the Subpoena in its entirety. The Subpoena, issued by counsel to PNC, is "joined" by counsel to 12 different defendants in 9 additional actions (the "Other Actions" and, together with the PNC Action, the "Actions").[1] Each of these actions was initiated

---

[1] Appendix 1 to the Subpoena lists the following additional joining defendants, who are identified in Appendix 2 as parties to the following Other Actions: The Mortgage Outlet, Inc., 13-cv-3447 (PJS/JSM); Academy Mortgage Corporation, 13-cv-3451 (SRN/BRT); Central Pacific Home Loans, Inc., Central Pacific Bank, Central Pacific Financial Corp. 13-cv3475 (ADM/JSM); Gateway Bank, F.S.B., 13-cv-3518 (MJD/BRT); Branch Banking

by a distinct complaint, to which each defendant filed a distinct answer (or no answer), and Paulson is not a party to any of them. To the degree they are similar, the Actions concern the defendants' alleged breaches of contract with and obligations to indemnify Residential Funding Company, LLC, f/k/a Residential Funding Corporation ("RFC") based on agreements between the defendants and RFC and as to which Paulson had no relationship. The subpoena is improper not only because it imposes undue burden on Paulson, a complete stranger to these proceedings, without any information which would be admissible or would likely to lead to admissible information in these cases, but also because it improperly seeks court-protected mediation materials, legal work product and Paulson's confidential, expert and proprietary research and commercial information. Paulson objects to the subpoena, which should be quashed for these reasons and those set forth below, including because it:

(i) fails to allow a reasonable time to comply;

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies; and

(iii) subjects Paulson to undue burden.

Even if the subpoena were not otherwise improper (and it is), it is also objectionable for failing to provide for the payment of appropriate compensation, including Paulson's reasonable attorneys' fees and other costs of compliance with the highly burdensome and onerous discovery requests it makes.

---

Trust & Co., 13-cv-3513 (PJS/JSM); Terrace Mortgage Company, 13-cv-3517 (MJD/JSM); Universal American Mortgage Company, 13-cv-3519 (SRN/JSM); Decision One Mortgage Company, LLC, and HSBC Corp, 14-cv-1737 (MJD/JSM); First Mariner Bank, 15-cv-00092.

## GENERAL OBJECTIONS

Each of Paulson's responses is subject to the following General Objections, and each such General Objection is incorporated by reference in Paulson's response to each individual request as if fully set forth therein.

1. Paulson objects on each of the grounds set forth in the preamble above.

2. Paulson objects to all definitions, instructions, and requests that purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Minnesota, or any applicable order entered by the Court.

3. Paulson objects to each document request to the extent it seeks information, documents, or electronically stored information ("ESI") that is not relevant to any party's claims or defenses or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence.

4. Paulson objects to each document request to the extent it is vague, ambiguous, overbroad, unduly burdensome, harassing, or oppressive.

5. Paulson objects to each document request to the extent it calls for the production of documents or ESI created on or after "the earliest of (i) October 28, 2004, or (ii) one year prior to the earliest contract or agreement YOU contend that YOU entered into with RFC," on the grounds that such requests are overbroad, seek to impose an undue burden on Paulson and are not reasonably calculated to lead the discovery of admissible evidence. Paulson further objects to each document request to the extent it calls for the production of documents or ESI created after the date of the filing of the Complaint, on the grounds that such requests are overbroad, unduly burdensome, not relevant to any claim or defense, and not reasonably

calculated to lead to the discovery of admissible evidence. In addition, Paulson objects to each document request to the extent it seeks information, documents or ESI without reference to a time period, which would cause Paulson undue burden and result in the production of documents that are not relevant to any party's claims or defenses.

6. Paulson objects to each document request to the extent it demands the production of "all" or "any" documents on requested subjects, because such requests are overbroad, unduly burdensome, and improper. A statement by Paulson, if any, that it will produce documents in response to a particular document request means that Paulson will conduct a reasonable search for documents responsive to the particular document request, subject to Paulson's general and specific objections, and will produce any responsive nonprivileged nonduplicative documents that it finds, subject to withholding on other grounds specified herein.

7. Paulson objects to each document request to the extent it calls for the production of documents or ESI not in the possession of Paulson.

8. Paulson objects to each document request to the extent it calls for the production of documents, materials or ESI already in the possession of defendants in the Actions or otherwise available from public sources or documents that are on file with the Court. Such a request is beyond the scope of permissible discovery, would impose an undue burden on Paulson, and is an attempt to require Paulson to prepare defendants' cases. Such information, documents, and ESI are as available to defendants as they are to Paulson.

9. Paulson objects to the Subpoena to the extent that it calls for documents subject to confidentiality agreements with third parties.

10. Paulson objects to each document request to the extent it seeks information, documents, or ESI that is protected from disclosure by the attorney-client privilege,

the work product doctrine, a joint defense or common interest privilege, any other applicable privilege or immunity from discovery, or whose disclosure is prohibited by any law, regulation or order, including, without limitation, the Order Appointing Mediator, *In re: Residential Capital, LLC, et al.*, Case NO. 12-12020 (MG) (Bankr. S.D.N.Y. filed Dec. 26, 2012) (D.I. 2519) (the "Initial Mediation Order"), which prohibits disclosure of substantially all material produced in mediation related to formation of a plan of reorganization resolving the above-captioned bankruptcy, and the Order in Aid of Mediation and Settlement, *In re: Residential Capital, LLC, et al.*, Case NO. 12-12020 (MG) (Bankr. S.D.N.Y. filed July 26, 2013) (D.I. 4379) (the "Supplemental Mediation Order" and, together with the Initial Mediation Order, the "Mediation Orders"), which by its terms incorporated preexisting confidentiality agreements of mediating parties as well as the protections of the Initial Mediation Order.

11. Paulson objects to each document request to the extent it seeks any trade secrets or any proprietary or non-public information of a commercially, financially, or personally sensitive nature.

12. Paulson objects to each document request, definition, and instruction contained in the Subpoena to the extent that any such document request, definition, or instruction contains inaccurate, incomplete or misleading descriptions of the facts, persons, relationships, events and pleadings underlying this action. The production of any information shall not constitute Paulson's agreement with or acquiescence to any such description.

13. Paulson objects to the definitions of "YOU" and "YOUR" on the grounds that they are vague, ambiguous and overbroad. In responding to the Subpoena, Paulson will construe YOU and YOUR to refer only to Paulson and those individuals known by Paulson to have been officers and employees of Paulson at the relevant time periods.

14. Paulson objects to the definition of "DEFENDANTS" on the grounds that it is vague, ambiguous and overbroad. In responding to the Subpoena, Paulson will construe DEFENDANTS to refer only to the defendants whose counsel have issued or joined the Subpoena.

15. Paulson objects to the definition of "DOCUMENT" and its sub-definition of "electronically stored information" to the extent those definitions exceed the requirements of the Federal Rules of Civil Procedure and are unreasonable, unduly burdensome, and include information that is not likely to lead to the discovery of admissible evidence. In responding to these requests, Paulson will construe the terms "DOCUMENT" and "electronically stored information" in a manner consistent with the Federal Rules of Civil Procedure.

16. Paulson objects to the location at which it is requested to produce documents and ESI. Paulson will produce electronic copies of nonprivileged, responsive documents in its possession, if any, at a time and place to be determined after conferring with Plaintiff's counsel.

17. Paulson objects to each document request to the extent it seeks the production of ESI from sources that are not reasonably accessible because of undue burden or cost. Paulson further objects to the document requests to the extent they demand the production of the same ESI in more than one form. Paulson will not produce the same ESI in more than one form.

## RESERVATION OF RIGHTS

1. To the extent that Paulson produces documents or ESI in response to the Subpoena, it does so without conceding the admissibility, materiality, or relevance of any such documents or ESI, or of any other substantive responses to the Subpoena.

2. Paulson reserves all objections to the use of these responses and of any documents or ESI it produces. Paulson may interpose all such objections at the time of trial or as otherwise required by the applicable rules or order of the court.

3. Paulson reserves the right to amend, supplement or withdraw its responses and objections to the Subpoena.

4. Insofar as the intentional production of any document or ESI by Paulson pursuant to the Subpoena may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular document or ESI only. Any inadvertent production of any document or ESI shall not be deemed or construed to constitute a waiver of any privilege or right of Paulson, and Paulson reserves its right to demand that defendants return to it any such document or ESI and all copies thereof.

5. Paulson reserves the right to redact from any documents it produces any confidential research, development, commercial, financial, trade secret, or personally sensitive information not relevant to the subject matter of this litigation.

## SPECIFIC RESPONSES AND OBJECTIONS

Paulson incorporates by reference the foregoing General Objections in each of the following specific responses and objections as if fully set forth therein. To the extent specific objections appear in the response to a particular request, they so appear because they are particularly applicable to that specific request; this is not to be construed as a waiver or limitation of any general objection applicable to such request.

Document Request No. 1

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR purchase of MBIA's UNITS, INCLUDING DOCUMENTS sufficient to identify the date of the first discussions CONCERNING such purchase, DOCUMENTS sufficient to identify the entity MBIA sold its UNITS to, all valuations of the UNITS between the date of purchase and the present, any DOCUMENTS or COMMUNICATIONS CONCERNING potential claims or the

7

value of potential claims against any of the DEFENDANTS and all COMMUNICATIONS between or among YOU, MBIA, RFC, or any of the RESCAP ENTITIES.

Response to Document Request No. 1

In addition to the General Objections, Paulson objects to Request No. 1 on the grounds that it seeks information, documents, or electronically stored information ("ESI") that is not relevant to any party's claims or defenses or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Paulson further objects to this request on the grounds that it (a) is vague, ambiguous, overbroad, unduly burdensome, harassing, and oppressive; (b) calls for the productions of documents or ESI not in the possession of Paulson; (c) calls overwhelmingly for production of information, documents, or ESI that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege and/or other applicable privileges or immunities, such that the marginal benefit is outweighed by the burden of compliance; (d) calls for production of proprietary and/or non-public information of a commercially or financially sensitive nature; (e) calls for production of information protected by confidentiality agreements and/or the Mediation Orders; and (f) calls for production of information, documents, or ESI created after the filing of the relevant complaints.

Document Request No. 2

All DOCUMENTS and COMMUNICATIONS CONCERNING the GLOBAL SETTLEMENT or any other settlement of claims relating to any of the SECURITIZATIONS, whether as part of the GLOBAL SETTLEMENT or otherwise, INCLUDING any notes or memorialization of settlement meetings, settlement demands or presentations and responses thereto, and COMMUNICATIONS CONCERNING the foregoing, whether or not such COMMUNICATIONS led to a consummated settlement.

Response to Document Request No. 2

In addition to the General Objections, Paulson objects to Request No. 2 on the grounds that it seeks information, documents, or ESI that is not relevant to any party's claims or defenses or that, if relevant, is neither admissible nor calculated to lead to the discovery of

admissible evidence. Paulson further objects to this request on the grounds that it (a) is vague, ambiguous, overbroad, unduly burdensome, harassing, and oppressive; (b) calls for the production of documents or ESI not in the possession of Paulson; (c) calls overwhelmingly for production of information, documents, or ESI protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege and/or other applicable privileges or immunities, such that the marginal benefit is outweighed by the burden of compliance; (d) calls for production of proprietary and/or non-public information of a commercially or financially sensitive nature; and (e) calls for production of information protected by confidentiality agreements and/or the Mediation Orders.

Document Request No. 3

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR review or analysis of any of the MORTGAGE LOANS underlying any of the SECURITIZATIONS, INCLUDING those evidencing or supporting: (a) all loan warranties by DEFENDANTS; (b) any analysis or report RELATING TO any of the MORTGAGE LOANS originated by DEFENDANTS.

Response to Document Request No. 3

In addition to the General Objections, Paulson objects to Request No. 3 on the grounds that it seeks information, documents, or ESI that is not relevant to any party's claims or defenses or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Paulson further objects to this request on the grounds that it (a) is vague, ambiguous, overbroad, unduly burdensome, harassing, and oppressive; (b) calls for production of proprietary and/or non-public information of a commercially or financially sensitive nature; and (c) calls for production of information protected by confidentiality agreements and/or the Mediation Orders.

Document Request No. 4

All COMMUNICATIONS between YOU and MBIA CONCERNING the RFC BANKRUPTCY, INCLUDING (1) all DOCUMENTS and COMMUNICATIONS

9

CONCERNING the GLOBAL SETTLEMENT; (2) all DOCUMENTS and COMMUNICATIONS CONCERNING the settlement of MBIA'S PROOFS OF CLAIM in the RFC BANKRUPTCY; and (3) all COMMUNICATIONS between RFC and MBIA CONCERNING the RFC BANKRUPTCY.

Response to Document Request No. 4

In addition to the General Objections, Paulson objects to Request No. 4 on the grounds that it seeks information, documents, or ESI that is not relevant to any party's claims or defenses or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Paulson further objects to this request on the grounds that it (a) is vague, ambiguous, overbroad, unduly burdensome, harassing, and oppressive; (b) calls overwhelmingly for production of information, documents, or ESI protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege and/or other applicable privileges or immunities, such that the marginal benefit is outweighed by the burden of compliance; (c) calls for production of proprietary and/or non-public information of a commercially or financially sensitive nature; and (d) calls for production of information protected by confidentiality agreements and/or the Mediation Orders.

Document Request No. 5

All DOCUMENTS and COMMUNICATIONS between YOU and any of the RESCAP ENTITIES that took place prior to the filing of the RFC BANKRUPTCY CONCERNING YOUR financial interest or investment in RFC.

Response to Document Request No. 5

In addition to the General Objections, Paulson objects to Request No. 5 on the grounds that it seeks information, documents, or ESI that is not relevant to any party's claims or defenses or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Paulson further objects to this request on the grounds that it (a) is vague, ambiguous, overbroad, unduly burdensome, harassing, and oppressive; (b) calls for production of

information protected by confidentiality agreements and/or the Mediation Orders; and (c) states no time period to reasonably limit review and production.

Document Request No. 6

All COMMUNICATIONS between YOU and Ally Financial Inc. CONCERNING THE RFC BANKRUPTCY OR THE GLOBAL SETTLEMENT.

Response to Document Request No. 6

In addition to the General Objections, Paulson objects to Request No. 6 on the grounds that it seeks information, documents, or ESI that is not relevant to any party's claims or defenses or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Paulson further objects to this request on the grounds that it is (a) vague, ambiguous, overbroad, unduly burdensome, harassing, and oppressive; and (b) calls for production of information protected by confidentiality agreements and/or the Mediation Orders.

Document Request No. 7

All DOCUMENTS and COMMUNICATIONS CONCERNING any valuation, allocation or computation of UNITS obtained by YOU.

Response to Document Request No. 7

In addition to the General Objections, Paulson objects to Request No. 7 on the grounds that it seeks information, documents, or ESI that is not relevant to any party's claims or defenses or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Paulson further objects to this request on the grounds that it is (a) vague, ambiguous, overbroad, unduly burdensome, harassing, and oppressive; (b) calls for production of information protected by confidentiality agreements and/or the Mediation Orders.

Document Request No. 8

All DOCUMENTS and COMMUNICATIONS CONCERNING the ACTIONS or any other of the RESCAP LAWSUITS, INCLUDING (a) the actual or potential causes of action against the ORIGINATORS, INCLUDING DEFENDANTS, (b) the actual or potential recoveries of assets or damages from the ACTIONS or RESCAP LAWSUITS (in the aggregate

11

and by ORIGINATOR), and (c) the decision to bring the ACTIONS or any other of the RESCAP LAWSUITS.

Response to Document Request No. 8

In addition to the General Objections, Paulson objects to Request No. 8 on the grounds that it seeks information, documents, or ESI that is not relevant to any party's claims or defenses or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Paulson further objects to this request on the grounds that it (a) is vague, ambiguous, overbroad, unduly burdensome, harassing, and oppressive; (b) calls overwhelmingly for production of information, documents, or ESI protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege and/or other applicable privileges or immunities, such that the marginal benefit is outweighed by the burden of compliance; (c) calls for production of proprietary and/or non-public information of a commercially or financially sensitive nature; (d) calls for production of information protected by confidentiality agreements and/or the Mediation Orders; and (e) calls for production of information, documents, or ESI created after the filing of the relevant complaints.

Document Request No. 9

All DOCUMENTS and COMMUNICATIONS CONCERNING any of the DEFENDANTS' alleged liability to RFC or the LIQUIDATING TRUST, or CONCERNING actual or potential recoveries form any of the DEFENDANTS.

Response to Document Request No. 9

In addition to the General Objections, Paulson objects to Request No. 9 on the grounds that it seeks information, documents, or ESI that is not relevant to any party's claims or defenses or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Paulson further objects to this request on the grounds that it (a) is vague, ambiguous, overbroad, unduly burdensome, harassing, and oppressive; (b) calls overwhelmingly for production of information, documents, or ESI protected from disclosure by the attorney-client

privilege, attorney work product doctrine, common interest privilege and/or other applicable privileges or immunities, such that the marginal benefit is outweighed by the burden of compliance; (c) calls for production of proprietary and/or non-public information of a commercially or financially sensitive nature; (d) calls for production of information protected by confidentiality agreements and/or the Mediation Orders; and (e) calls for production of information, documents, or ESI created after the filing of the relevant complaints.

Document Request No. 10

All DOCUMENTS and COMMUNICATIONS CONCERNING the (a) selection of each INITIAL NOMINATING PARTY; (b) the nomination of the members of the LIQUIDATING TRUST BOARD by each INITIAL NOMINATING PARTY; and (c) the nomination, selection, and participation of members of the LIQUIDATING TRUST BOARD.

Response to Document Request No. 10

In addition to the General Objections, Paulson objects to Request No. 10 on the grounds that it seeks information, documents, or ESI that is not relevant to any party's claims or defenses or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Paulson further objects to this request on the grounds that it (a) is vague, ambiguous, overbroad, unduly burdensome, harassing, and oppressive; (b) calls overwhelmingly for production of information, documents, or ESI protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege and/or other applicable privileges or immunities, such that the marginal benefit is outweighed by the burden of compliance; (c) calls for the productions of documents or ESI not in the possession of Paulson; (d) calls for production of information protected by confidentiality agreements and/or the Mediation Orders; and (e) calls for production of information, documents, or ESI created after the filing of the relevant complaints.

Document Request No. 11

All DOCUMENTS and COMMUNICATIONS CONCERNING meetings of the LIQUIDATING TRUST BOARD CONCERNING the ACTIONS or any of the RESCAP LAWSUITS, or the actual or potential recoveries of assets or damages in the ACTIONS or RESCAP LAWSUITS.

Response to Document Request No. 11

In addition to the General Objections, Paulson objects to Request No. 11 on the grounds that it seeks information, documents, or ESI that is not relevant to any party's claims or defenses or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Paulson further objects to this request on the grounds that it (a) is vague, ambiguous, overbroad, unduly burdensome, harassing, and oppressive; (b) calls overwhelmingly for production of information, documents, or ESI protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege and/or other applicable privileges or immunities, such that the marginal benefit is outweighed by the burden of compliance; (c) calls for the productions of documents or ESI not in the possession of Paulson; and (d) calls for production of information, documents, or ESI created after the filing of the relevant complaints.

Document Request No. 12

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR participation in the LIQUIDATING TRUST, INCLUDING DOCUMENTS sufficient to determine YOUR financial interest in the LIQUIDATING TRUST.

Response to Document Request No. 12

In addition to the General Objections, Paulson objects to Request No. 12 on the grounds that it seeks information, documents, or ESI that is not relevant to any party's claims or defenses or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Paulson further objects to this request on the grounds that it (a) is vague, ambiguous, overbroad, unduly burdensome, harassing, and oppressive; (b) calls overwhelmingly

for production of information, documents, or ESI protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege and/or other applicable privileges or immunities, such that the marginal benefit is outweighed by the burden of compliance; (c) calls for production of proprietary and/or non-public information of a commercially or financially sensitive nature; and (d) calls for production of information, documents, or ESI created after the filing of the relevant complaints.

Document Request No. 13

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR relationship with the current members of the LIQUIDATING TRUST BOARD, INCLUDING ALL COMMUNICATIONS between YOU and any member of the LIQUIDATING TRUST BOARD, INCLUDING Mitchell Sonkin, from May 4, 2012, to the present.

Response to Document Request No. 13

In addition to the General Objections, Paulson objects to Request No. 13 on the grounds that it seeks information, documents, or ESI that is not relevant to any party's claims or defenses or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Paulson further objects to this request on the grounds that it (a) is vague, ambiguous, overbroad, unduly burdensome, harassing, and oppressive; (b) calls overwhelmingly for production of information, documents, or ESI protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege and/or other applicable privileges or immunities, such that the marginal benefit is outweighed by the burden of compliance; and (c) calls for production of information, documents, or ESI created after the filing of the relevant complaints.

Document Request No. 14

All DOCUMENTS and COMMUNICATIONS CONCERNING the NEW YORK POST ARTICLE, INCLUDING: (a) all DOCUMENTS and COMMUNICATIONS sufficient to identify the sources referenced in the NEW YORK POST ARTICLE; and (b) all COMMUNICATIONS between YOU and Josh Kosman.

15

Response to Document Request No. 14

   In addition to the General Objections, Paulson objects to Request No. 14 on the grounds that it seeks information, documents, or electronically stored information ("ESI") that is not relevant to any party's claims or defenses or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence.

Document Request No. 15

   All DOCUMENTS CONCERNING any financial interest YOU had in any of the PROOFS OF CLAIM filed in the RFC BANKRUPTCY.

Response to Document Request No. 15

   In addition to the General Objections, Paulson objects to Request No. 15 on the grounds that it seeks information, documents, or electronically stored information ("ESI") that is not relevant to any party's claims or defenses or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence.  Paulson further objects to this request on the grounds that it (a) is vague, ambiguous, overbroad, unduly burdensome, harassing, and oppressive; (b) calls overwhelmingly for production of information, documents, or ESI protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege and/or other applicable privileges or immunities, such that the marginal benefit is outweighed by the burden of compliance; (c) calls for production of information protected by confidentiality agreements and/or the Mediation Orders; and (d) calls for production of proprietary and/or non-public information of a commercially or financially sensitive nature.

Document Request No.16

   All COMMUNICATIONS between YOU and any of the creditors who filed PROOFS OF CLAIM in the RFC BANKRUPTCY CONCERNING the PROOFS OF CLAIM or CONCERNING the GLOBAL SETTLEMENT.

Response to Document Request No. 16

In addition to the General Objections, Paulson objects to Request No. 16 on the grounds that it seeks information, documents, or electronically stored information ("ESI") that is not relevant to any party's claims or defenses or that, if relevant, is neither admissible nor calculated to lead to the discovery of admissible evidence. Paulson further objects to this request on the grounds that it (a) is vague, ambiguous, overbroad, unduly burdensome, harassing, and oppressive; and (b) calls overwhelmingly for production of information, documents, or ESI protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege and/or other applicable privileges or immunities, such that the marginal benefit is outweighed by the burden of compliance.

Dated: New York, New York
      February 19, 2015

                                Respectfully submitted,

                                CLEARY GOTTLIEB STEEN & HAMILTON LLP

                                By: _____
                                    Thomas J. Moloney
                                    (tmoloney@cgsh.com)
                                  Sean A. O'Neal
                                  (soneal@cgsh.com)

                                One Liberty Plaza
                                New York, New York  10006
                                T: 212-225-2000
                                F: 212-225-3999

                                *Attorneys for non-party Paulson & Co. Inc.*

Of Counsel:
  Hugh K. Murtagh

TO: Richard E. Gottlieb
BuckleySandler LLP
Attorneys for PNC Bank, N.A.
353 N. Clark St., Suite 3600
Chicago, IL 60654
rgottlieb@buckleysandler.com
T: 312-924-9800
F: 312-924-9899